Brooke B. Murphy
Katherine S. Huso
MATOVICH, KELLER & MURPHY, P.C.
P.O. Box 1098
Billings, MT  59103-1098
Telephone:  (406) 252-5500
Facsimile:  (406) 252-4613
E-mail:   bmurphy@mkfirm.com
              khuso@mkfirm.com
*Attorneys for Defendant*

# IN THE U.S. DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BILLINGS DIVISION

| | |
|---|---|
| **KEVIN DUECKER,** ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> **LIBERTY MUTUAL FIRE INSURANCE COMPANY,** ) <br> ) <br> Defendant. ) <br> ) | Cause No. CV-12-56-RFC <br><br> **DEFENDANT'S BRIEF IN SUPPORT OF MOTION TO COMPEL** |

COMES NOW Defendant Liberty Mutual Fire Insurance Company (hereinafter "Liberty Mutual"), by and through its attorneys of record, Matovich, Keller & Murphy, P.C., and submits the following Brief in Support of its Motion to Compel.

# FACTUAL BACKGROUND

This case arises out of Liberty Mutual's investigation and handling of Plaintiff's third-party property damage automobile claim. Liberty Mutual's insured, Kris Jones, negligently rear-ended Plaintiff's vehicle on December 18, 2010. Plaintiff settled with Kris Jones in February 2012, and then filed the present bad faith action against Liberty Mutual on March 20, 2012, in the Montana Thirteenth Judicial District Court. The action was removed to this Court on April 26, 2012. Plaintiff alleges Liberty Mutual acted in bad faith and violated the Montana Unfair Trade Practices Act, § 33-18-101, MCA, et. seq. in its investigation and handling of Plaintiff's claim.

A preliminary pretrial conference was held on June 26, 2012. The Court entered its Scheduling Order on June 26, 2012 (attached as Exhibit A). Pursuant to the Scheduling Order, the deadline to complete discovery in this matter is May 3, 2013. Liberty Mutual served its First Combined Discovery Requests to Plaintiff on July 26, 2012 (attached as Exhibit B). On September 20, 2012, counsel for Plaintiff, Matthew Gallinger, and counsel for Liberty Mutual, Katherine Huso, mutually agreed to serve discovery responses by October 1, 2012. See Exhibit C, Affidavit of Katherine S. Huso, ¶2 (November 13, 2012). Ms. Huso and Mr. Gallinger exchanged emails confirming this. *Id*. at ¶¶3-4.

Defendant served its responses to Plaintiff's First Discovery Requests on October 1, 2012, pursuant to counsel's agreement.  On October 2, 2012, Mr. Gallinger requested an extension until October 8, 2012 to answer discovery.  See Exhibit D, Affidavit of Brooke B. Murphy, ¶¶2-3 (November 13, 2012).  On October 5, 2012, Mr. Gallinger requested an additional extension until October 23, 2012 to answer discovery.  *Id.* at ¶4.  Counsel for Liberty Mutual, Brooke Murphy, agreed to the October 23rd extension and scheduled Plaintiff's deposition for November 7, 2012.  *Id.* at ¶¶5-6.

On October 23, 2012, Ms. Murphy inquired whether Plaintiff would be serving discovery responses by the "end of the week" in light of Plaintiff's November 7, 2012 deposition date.  *Id.* at ¶7.  Plaintiff's counsel Rodney Hartman responded in a voice mail on October 29, 2012, in which he advised Ms. Murphy that Plaintiff would not be serving discovery responses until November 5th or 6th.  *Id.* at ¶8.  Ms. Murphy advised Mr. Hartman that Plaintiff needed to serve responses by "Friday, November 2, at the very latest" so she would have ample time to prepare for Plaintiff's deposition, which was scheduled for November 7, 2012.  *Id.* at ¶9.  Ms. Murphy also advised that if it was not possible for Plaintiff to serve responses by November 2, 2012, his deposition would need to again be rescheduled.  *Id.*

On October 30, 2012, Mr. Gallinger advised Ms. Murphy that it might not be possible to serve Plaintiff's discovery responses by the requested date of November 2, 2012. *Id*. at ¶10. Ms. Murphy suggested rescheduling Plaintiff's deposition for November 20, 2012 and requested that Plaintiff serve his discovery responses by November 6, 2012, as previously indicated. *Id*. at ¶11. Ms. Murphy also stated that Liberty Mutual would have no choice but to file a motion to compel if Plaintiff did not serve discovery responses by November 6, 2012. *Id*. On November 1, 2012, Mr. Gallinger advised Ms. Murphy that Plaintiff would be available for a deposition on November 20, 2012. *Id*. at ¶12. Plaintiff's November 7, 2012 deposition was cancelled and rescheduled for November 20, 2012. *Id*. at ¶13.

Counsel for Liberty Mutual has not heard from Plaintiff's counsel since November 1, 2012. *Id*. at ¶14. On November 12, 2012, after having received no discovery responses from Plaintiff, Ms. Murphy advised Mr. Gallinger and Mr. Hartman that Liberty Mutual would be filing a motion to compel. *Id*. at ¶15. She received no response from Plaintiff's counsel, and accordingly filed this motion to compel and brief in support. *Id.* at ¶16. Liberty Mutual is once again left with no choice but to cancel Plaintiff's deposition, which is set for November 20, 2012, and move the court for an order compelling Plaintiff's discovery responses. *Id*.

# DISCUSSION

## I. Plaintiff should be compelled to provide complete responses to Defendant's First Combined Discovery Requests no later than November 26, 2012.

Defendant Liberty Mutual moves this Court for an order compelling Plaintiff to answer Defendant's First Combined Discovery Requests, pursuant to Rule 37(a)(3)(B) of the Federal Rules of Civil Procedure. This motion includes the required certification that Defendant has in good faith conferred or attempted to confer with Plaintiff in an effort to obtain his discovery responses without court action. Rule 37(a)(1), F.R.Civ.P.

Defendant served Plaintiff with 19 interrogatories and 20 requests for production on July 26, 2012. (See Exhibit B.) It is now mid-November 2012 and Plaintiff has failed to any provide responses whatsoever. Defendant's counsel has tried to work with Plaintiff to obtain the requested discovery. However, each time Defendant's counsel agrees to an extension, Plaintiff's counsel requests another extension and/or ignores the extended deadline. An order compelling Plaintiff to answer Defendant's interrogatories and to produce the requested documents by **November 26, 2012** is necessary at this point because counsel for Defendant has made multiple attempts to obtain the responses, to no avail.

This case cannot move forward until Plaintiff responds to Defendant's discovery requests. Plaintiff's deposition has been scheduled and cancelled two

times.  Plaintiff's failure to provide responses by the latest agreed-to extension, November 6, 2012, will result in rescheduling Plaintiff's deposition a third time.  Defendant has made every attempt to obtain the requested discovery and depose Plaintiff before the busy holiday season.

The deadline for both parties to disclose liability experts is January 11, 2013.  The deadline for Defendant to disclose damages experts is March 1, 2013.  The deadline to complete discovery is May 3, 2013.  The Court's Scheduling Order states that "continuance of the above deadlines will not be granted, absent compelling reasons."  (See Exhibit A.)  Plaintiff's failure to serve discovery responses is prejudicial, as Defendant cannot prepare its defense.  Defendant cannot depose Plaintiff, retain expert witnesses, or conduct additional discovery until Plaintiff responds to Defendant's First Combined Discovery Requests.  Plaintiff's disregard for the Federal Rules of Civil Procedure should not be tolerated any longer.  Defendant has no choice but to move the Court for an order compelling Plaintiff to answer discovery by **November 26, 2012**, pursuant to Rule 37(a)(3)(B), F.R.Civ.P., and also anticipates seeking a revised scheduling order in light of the fact that expert disclosures are right around the corner.

**II. Defendant Liberty Mutual is entitled to recover the costs incurred in filing this motion pursuant to Rule 37(a)(5)(A), F.R.Civ.P.**

*Defendant's Brief in Support of Motion to Compel*
*Page 6 of 9*

Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure allows a discovering party to recover the reasonable expenses incurred in obtaining the order compelling discovery. Rule 37(a)(5)(A) provides:

> If the motion is granted...the court _must_, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, _including attorney's fees_. (emphasis added)

Rule 37(a)(5)(A), F.R.Civ.P.

> However, the Court must not order payment of such expenses if:
>
> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> (iii) other circumstances make an award of expenses unjust.

_Id_.

As stated previously, Defendant has made several good faith attempts to obtain Plaintiff's responses to discovery requests without court action. Plaintiff has caused unnecessary delay and expense due to his failure to respond for the past four months. Defendant filed this motion as a last resort to obtain Plaintiff's discovery responses and move this case forward. If the Court enters an order compelling Plaintiff to respond to the discovery requests, Defendant is entitled to costs and attorney's fees unless Plaintiff can show that his failure to respond was

substantially justified or that other circumstances make an award of expenses unjust.

DATED this 13<u>th</u> day of November, 2012.

**MATOVICH, KELLER, & MURPHY, P.C.**

By: /s/ Brooke B. Murphy
Brooke B. Murphy
Katherine S. Huso
Matovich, Keller & Murphy, P.C.
*Attorneys for Defendant Liberty Mutual Fire Insurance Company*

### CERTIFICATE OF COMPLIANCE

I hereby certify that this brief complies with the word length limits of Local Rule 7.1(d)(2), United States District Court for the District of Montana, and contains <u>1,389</u> words according to the word count function of Microsoft Office 2010, excluding the caption and certificates of service and compliance.

DATED this 13<u>th</u> day of November, 2012.

**MATOVICH, KELLER, & MURPHY, P.C.**

By: /s/ Brooke B. Murphy
Brooke B. Murphy
Katherine S. Huso
Matovich, Keller & Murphy, P.C.
*Attorneys for Defendant Liberty Mutual Fire Insurance Company*

# CERTIFICATE OF SERVICE

I hereby certify that on this 13<u>th</u> day of November, 2012, a copy of the foregoing was served on the following persons by the following means:

| | | | |
|---|---|---|---|
| <u>  1, 2  </u> | CM/ECF | <u>         </u> | Fax |
| <u>         </u> | Hand Delivery | <u>         </u> | E-Mail |
| <u>         </u> | Mail | <u>         </u> | Overnight Delivery Service |

**1. Clerk, U.S. District Court**

**Attorneys for Plaintiff**
**2.** Kenneth D. Tolliver
Matthew B. Gallinger
Rodney T. Hartman
TOLLIVER LAW FIRM, P.C.
P.O. Box 1913
Billings, MT 59103-1913

**MATOVICH, KELLER, & MURPHY, P.C.**

By: <u>  /s/ Brooke B. Murphy  </u>
Brooke B. Murphy
Katherine S. Huso
Matovich, Keller & Murphy, P.C.
*Attorneys for Liberty Mutual Fire*
*Insurance Company*